Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiffs*
*WowWee Group Limited,*
*WowWee Canada, Inc., and*
*WowWee USA, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOWWEE GROUP LIMITED, WOWWEE CANADA, INC., and WOWWEE USA, INC., *Plaintiffs* | CIVIL ACTION No. |
| v. | **COMPLAINT** |
| SOLAR TRADING INC.; and HOME BAY TRADING, CORP. *Defendants* | **Jury Trial Requested** **FILED UNDER SEAL** |

Plaintiff WowWee Group Limited, a company organized in Hong Kong, Plaintiff WowWee Canada, Inc., a company organized in Canada, and Plaintiff WowWee USA, Inc., a corporation organized under the State of Delaware ("WowWee" or "Plaintiffs"), by and through their undersigned counsel, allege as follows:

## NATURE OF THE ACTION

1.      This action involves claims for trademark infringement of WowWee's federally registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 *et seq*.; counterfeiting of WowWee's federally registered trademarks in violation

of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c); false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); copyright infringement of WowWee's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*.; and related state and common law claims (the "Action"), arising from Defendants' infringement of WowWee's Fingerlings Works (as defined *infra*) and Fingerlings Marks (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling unlicensed, infringing versions of WowWee's Fingerlings Products (as defined *infra*).

**JURISDICTION AND VENUE**

2.     This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. and the Copyright Act, 17 U.S.C. §§ 101 *et seq*.; pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

3.     Personal jurisdiction exists over Defendants in this judicial district pursuant to N.Y. C.P.L.R. § 301, N.Y.C.P.L.R. § 302(a)(1), N.Y.C.P.L.R. § 302(a)(2) and/or N.Y.C.P.L.R. § 302(a)(3) because, upon information and belief, Defendants are incorporated within the State of New York, regularly conduct, transacts and/or solicit business in New York and in this judicial district, and/or derive substantial revenue from their business transactions in New York and in

this judicial district, and/or otherwise avail themselves of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process, and/or Defendants' infringing actions caused injury to WowWee in New York and in this judicial district such that Defendants should reasonably expect such actions to have consequences in New York and in this judicial district.

4.      Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendants conduct business in this judicial district, a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, and harm to Plaintiffs has occurred in this district.

## THE PARTIES

5.      Plaintiff WowWee Group Limited in a company organized in Hong Kong with a principal place of business at Energy Plaza, 3F, 92 Granville Road, T.S.T. East, Hong Kong.

6.      Plaintiff WowWee Canada, Inc. is a Canadian corporation with a principal place of business at 3700 Saint Patrick, Suite 206, Montreal, Quebec H4E 1A2, Canada.

7.      Plaintiff WowWee USA, Inc. is a Delaware corporation with a registered office at 7855 Fay Avenue, Suite 310, La Jolla, California 92037.

8.      Upon information and belief, Defendant Solar Trading Corp. is a New York corporation, having a principal place of business at 35 West 27th Street, New York, New York 10001 ("Solar" and "Solar Retail Location", respectively).

9.      Upon information and belief, Home Bay Trading, Corp. is a New York corporation, having a showroom located at 1710 Flushing Avenue, #17, Ridgewood, New York

11385, and a main office and warehouse located at 55 Kennedy Drive, Hauppauge, New York 11788 ("HB", "HB Showroom", and "HB Warehouse", respectively).

10.     Solar and HB are collectively hereinafter referred to as "Defendants".

## GENERAL ALLEGATIONS

### WowWee and Its Well-Known Consumer Products

11.     WowWee is a leading designer, developer, marketer, and distributor of innovative robotic toys and consumer entertainment products ("Authentic Products").  WowWee promotes and sells its Authentic Products throughout the U.S., including in the State of New York, and throughout the world, through major retailers, quality toy stores, department stores, and online marketplaces, including, but not limited to, Toys R Us, Target, Walmart, Amazon, and Gamestop.

12.     One of WowWee's most popular and successful products are its Fingerlings toys, which are hand-held robotic toys that react to sound, motion, and touch and are designed to look various animals and/or other characters (*e.g.*, monkeys, unicorns and sloths) ("Fingerlings Product(s)").   Images of the Fingerlings Products are attached hereto as **Exhibit A** and incorporated herein by reference.

13.     The Fingerlings Products have achieved great success since their introduction in 2017.

14.     Moreover, the Fingerling Products are widely recognized as the must-have toy product for 2017, as indicated by the toy industry's leaders and features in major news outlets including, but not limited to, TTPM, Money Magazine, Good Housekeeping, Business Insider, Newsday, Yahoo!, The Toy Insider, and CNN.

15.     WowWee owns both registered and unregistered copyrights in and related to the Fingerlings Products and the associated packaging.

4

16.     WowWee has protected its valuable rights by filing and obtaining U.S. copyright registrations in and relating to the Fingerlings Products.  For example, WowWee is the owner of the following U.S. Copyright Registrations Nos.: VAu 1-289-245 covering the Fingerlings Monkey, VA 2-068-259 covering the Fingerlings Monkey Packaging, VA 2-068-535 covering the Fingerlings Unicorn, VA 2-070-852 covering the Fingerlings Unicorn Packaging, VA 2-070-721 covering the Fingerlings Sloth, VA 2-70-721 covering the Fingerlings Sloth Packaging, and TX 8-431-649 covering the Fingerlings Monkey User Manual (collectively referred to as the "Fingerlings Works").  True and correct copies of the U.S. copyright registration certificates and the corresponding deposit materials for the Fingerlings Works are attached hereto as **Exhibit B** and incorporated herein by reference.

17.     While WowWee has gained significant common law trademark and other rights in the Fingerlings Products through its use, advertising, and promotion of the same, WowWee has also sought to protect its valuable rights by filing for and obtaining federal trademark registrations.  For example, WowWee is the owner of the following U.S. Trademark Registration Nos.: 3,289,747 for "WOW WEE" for a variety of goods in Class 9 and Class 28, which has been used in commerce in connection with Authentic Products since at least as early as September 13, 2001, and is currently in use in connection with Fingerlings Products; 4,505,483 for  for a variety of goods in Class 9 and Class 28, which has been used in commerce in connection with Authentic Products since at least as early as June 30, 2008, and is currently in use in connection with Fingerlings Products; and 5,325,724, with a constructive date of first use of January 20, 2017, which has been used, and is currently in use, in commerce in connection with Fingerlings Products (collectively, "Fingerlings Marks").  True and correct copies of the

U.S. trademark registration certificates for the Fingerlings Marks are attached hereto as **Exhibit C** and incorporated herein by reference.

18.     The Fingerlings Products generally retail for $14.99.

19.     WowWee has spent substantial time, money, and effort in building up and developing consumer recognition, awareness, and goodwill in the Fingerlings Products, Fingerlings Works, and Fingerlings Marks.

20.     The success of the Fingerlings Products is due in large part to WowWee's marketing, promotional, and distribution efforts.   These efforts include advertising and promotion through television, WowWee's website, https://fingerlings.com (the "Website"), retailer websites, and other internet-based advertising, print, and other efforts both domestically and abroad.

21.     WowWee's success is also due to its use of high quality materials and processes in making the Fingerlings Products.

22.     Additionally, WowWee owes a substantial amount of the success of the Fingerlings Products to its consumers and the word-of-mouth buzz that its consumers have generated.

23.     As a result of WowWee's efforts, the quality of its Fingerlings Products, its promotions, extensive press and media coverage, and word-of mouth-buzz, the Fingerlings Products, Fingerlings Works, and Fingerlings Marks have become prominently placed in the minds of the public.  Members of the public have become familiar with the Fingerlings Products, Fingerlings Works, and Fingerlings Marks, and have come to recognize the Fingerlings Products, Fingerlings Works, and Fingerlings Marks and associate them exclusively with WowWee.

24.     WowWee and its Fingerlings Marks have acquired a valuable reputation and goodwill among the public as a result of such associations.

25.     WowWee has gone to great lengths to protect its interests in and to the Fingerlings Works and Fingerlings Marks.  No one other than WowWee is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Fingerlings Works or Fingerlings Marks without the express written permission of WowWee.

### Defendants' Wrongful and Infringing Conduct

26.     In light of WowWee's enormous success, particularly with respect to the Fingerlings Products, as well as the reputation that they have gained, WowWee and its Fingerlings Products have become targets for unscrupulous individuals and entities that wish to exploit the goodwill, reputation, and fame WowWee has amassed in its Fingerlings Products, the Fingerlings Works, and the Fingerlings Marks.

27.     WowWee investigates and enforces against such activity, and through such efforts, learned of Defendants' actions, which vary and include, but are not limited to, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling products bearing one or more of Plaintiffs' Fingerlings Works and/or Fingerlings Marks, and/or products in packaging and/or containing labels and/or marks and/or artwork that is substantially or confusingly similar to one or more of Plaintiffs' Fingerlings Works and/or Fingerlings Marks, and/or products that are identical or substantially or confusingly similar to the Fingerlings Products (collectively referred to as "Infringing Product(s)" or "Counterfeit Product(s)" ) to U.S. consumers, including those located in the State of New York, through, at a minimum, the Solar Retail Location, HB Showroom, and/or HB Warehouse.

28.     Plaintiffs' counsel engaged the services of Ryan Investigative Group Inc., licensed New York investigators (hereinafter, "Plaintiffs' Investigators") to further investigate suspected counterfeit operations in the New York area.

29.     On or about November 19, 2017, Plaintiffs' Investigators visited the Solar Retail Location, and found Infringing Products prominently on display in the store window. True and correct photographs, taken by Plaintiffs' Investigators, of the exterior of the Solar Retail Location on the aforementioned date are attached hereto as **Exhibit D**.

30.     Plaintiffs' Investigators entered the Solar Retail Location and purchased nine (9) Infringing Products. True and correct photographs, taken by Plaintiffs' Investigators, of the Infringing Products purchased from the Solar Retail Location, along with a receipt for said purchase ("Purchase Receipt"), which identifies HB as the source, is attached hereto as **Exhibit E**.

31.     Plaintiffs have confirmed that the Infringing Products being sold by Solar at the Solar Retail Location infringe the Fingerlings Marks and/or Fingerlings Works.

32.     A side-by-side comparison of Plaintiffs' Fingerlings Product to one of the Infringing Products, purchased by Plaintiffs' Investigators from the Solar Retail Location, appears below:

| **Fingerlings Product** | **Infringing Product** |
|---|---|
|  |  |

33.     On November 22, 2017, Plaintiffs' Investigators visited the Solar Retail Location again and saw Infringing Products on display in the store window, as well as on the shelves inside the store.  True and correct photographs, taken by Plaintiffs' Investigators, of the exterior and interior of the Solar Retail Location evidencing the Infringing Products on display on the aforementioned date are attached hereto as **Exhibit F**.

34.     At that time, Plaintiffs' Investigators served Solar with a cease and desist letter ("C&D"); however, Solar refused to sign C&D or comply with the demands set forth therein, including the demand that Solar surrender the Infringing Products to Plaintiffs' Investigators. Solar did, however, identify HB as its source of the Infringing Products, and showed Plaintiffs Investigators what the Solar employee indicated was a receipt for Solar's alleged purchase of the Infringing Products from HB ("HB Receipt").  A true and correct photograph of the HB Receipt, taken by Plaintiffs' Investigators, is attached hereto as **Exhibit G**.

35.     In order to further investigate Defendants' infringing activities, on November 24, 2017, Plaintiffs' Investigators attempted to visit the address for HB listed on the Purchase Receipt, 121 Morgan Avenue, Brooklyn, New York 11237, but were informed that HB's one and only warehouse is located in Hauppauge, New York (i.e., the HB Warehouse) and they could also visit the HB Showroom.

36.     Thereafter, on that same day, Plaintiffs' Investigators went to the HB Showroom where they observed boxes full of Infringing Products. True and correct photographs of the boxes of Infringing Products, taken by Plaintiffs' Investigators, are attached hereto as **Exhibit H**. Plaintiffs' Investigators then purchased three (3) units of Infringing Products for a total of $14.00 ($8.00 for "HAPPY MONKEY" and $6.00 per "FINGERLINGS BABY MONKEY"), but were unable to procure a receipt for said purchase, despite their request for the same.  True and correct

photographs of the Infringing Products purchased by Plaintiffs' Investigators on November 24, 2017 are attached hereto as **Exhibit I**.

37.     Plaintiffs have confirmed that the Infringing Products being sold by HB at the HB Showroom infringe the Fingerlings Marks and/or Fingerlings Works.

38.     A side-by-side comparison of Plaintiffs' Fingerlings Product to one of the Infringing Products, purchased by Plaintiffs' Investigators from the HB Showroom, appears below:

| **Fingerlings Product** | **Infringing Product** |
|---|---|
|  |  |

39.     Despite having been placed on clear notice of their infringing actions, Defendants have continued to display, offer for sale and/or sell Infringing Products.

40.     Defendants are not, and have never been, authorized by WowWee or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale, or sell the Fingerlings Products or to use WowWee's Fingerlings Works and Fingerlings Marks, or any artwork or marks that are substantially or confusingly similar to the Fingerlings Works or Fingerlings Marks.

41.     By these dealings in Infringing Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products), Defendants have violated WowWee's

exclusive rights in its Fingerlings Works and Fingerlings Marks, and have used images, designs and/or artwork that are confusingly and/or substantially similar to, identical to, and/or constitute infringement of WowWee's Fingerlings Works and Fingerlings Marks in order to confuse consumers into believing that such Infringing Products are WowWee's Fingerlings Products and aid in the promotion and sales of its Infringing Products. Defendants' conduct began long after WowWee's adoption and use of its Fingerlings Works and Fingerlings Marks, and after WowWee's Fingerlings Products became well-known to the purchasing public.

42. Prior to and contemporaneous with the actions alleged herein, Defendants had knowledge of WowWee's ownership of its Fingerlings Works and Fingerlings Marks, of the fame and incalculable goodwill associated therewith, and of the popularity and success of the Fingerlings Products, and in bad faith adopted WowWee's Fingerlings Works and Fingerlings Marks.

43. Defendants have been engaging in the illegal infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to WowWee's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of WowWee, WowWee's Fingerlings Works, Fingerlings Marks, and Fingerlings Products.

44. Defendants' dealings in Infringing Products, as alleged herein, has caused, and will continue to cause, confusion, mistake, economic loss and has, and will continue to deceive consumers, the public, and the trade with respect to the source or origin of Defendants' Infringing Products, thereby causing consumers to erroneously believe that such Infringing Products are licensed by or otherwise associated with WowWee, thereby damaging WowWee.

45. In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following, all of which have and will continue to cause irreparable harm

to WowWee: infringed and counterfeited the Fingerlings Marks; committed unfair competition; infringed the Fingerlings Works; and unfairly and unjustly profited from such activities at WowWee's expense.

46.     Unless enjoined, Defendants will continue to cause irreparable harm to WowWee.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Infringement of Registered Trademarks)
### [15 U.S.C. § 1114/Lanham Act § 32]

47.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

48.     As noted *supra*, WowWee has continuously used the Fingerlings Marks in interstate commerce since at least as early as September 13, 2001, June 30, 2008, and January 20, 2017, respectively.

49.     WowWee, as the owner of all right, title, and interest in and to the Fingerlings Marks, has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

50.     Defendants were, at the time they engaged in their actions as alleged herein, actually aware that WowWee is the owner of the Fingerlings Marks.

51.     Defendants did not seek, and therefore necessarily failed, to obtain consent or authorization from WowWee, as the registered trademark owner of the Fingerlings Marks, to deal in and commercially manufacture, import, export, advertise, market, promote, distribute, display, retail, offer for sale, and/or sell Fingerlings Products and/or related products bearing WowWee's Fingerlings Marks into the stream of commerce.

52.     Defendants knowingly and intentionally manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold Infringing

Products bearing and/or utilizing marks that are reproductions, copies, and/or colorable imitations of the Fingerlings Marks and/or which are confusingly similar to the Fingerlings Marks.

53.     Defendants knowingly and intentionally reproduced, copied, and colorably imitated the Fingerlings Marks and applied such reproductions, copies, or colorable imitations to packaging, wrappers, receptacles, online listings, and/or advertisements used in commerce upon or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of Defendants' Infringing Products.

54.     Defendant were, at the time they engaged in their illegal and infringing actions as alleged herein, actually aware that WowWee is the owner of all rights in and to the Fingerlings Marks.

55.     Defendants' egregious and intentional use of WowWee's Fingerlings Marks in commerce on or in connection with Defendants' Infringing Products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the source or origin of the Infringing Products, and is likely to deceive the public into believing that Defendants' Infringing Products are WowWee's Fingerlings Products or are otherwise associated with or authorized by WowWee.

56.     Defendants' actions have been deliberate and committed with knowledge of WowWee's rights and goodwill in the Fingerlings Marks, as well as with bad faith and the intent to cause confusion, mistake, and deception.

57.     Defendants' continued, knowing, and intentional use of WowWee's Fingerlings Marks without WowWee's consent or authorization constitutes intentional infringement of

WowWee's federally registered Fingerlings Marks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

58.     As a direct and proximate result of Defendants' illegal actions alleged herein, WowWee has suffered substantial monetary loss and irreparable injury, loss, and damage to its business and its valuable rights in and to WowWee's Fingerlings Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to WowWee and its valuable Fingerlings Marks.

59.     Based on Defendants' actions as alleged herein, WowWee is entitled to injunctive relief, damages for the irreparable harm that WowWee has sustained and will sustain as a result of Defendants' unlawful and infringing actions as alleged herein, and all gains, profits, and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
**(Trademark Counterfeiting Under Sections 32, 34, and 35 of the Lanham Act,**
**15 U.S.C. §§ 1114(1)(b), 1116(d), and 1117(b)-(c))**

60.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

61.     WowWee is the exclusive owner of all right and title to the Fingerlings Marks.

62.     As noted *supra*, WowWee has continuously used the Fingerlings Marks in interstate commerce since at least as early as September 13, 2001, June 30, 2008, and January 20, 2017, respectively.

63.     Without WowWee's authorization or consent, with knowledge of WowWee's well-known and prior rights in their Fingerlings Marks and with knowledge that Defendants' Counterfeit Products bear counterfeit marks, Defendants intentionally reproduced, copied, and/or colorably imitated the Fingerlings Marks and/or used spurious designations that are identical with, or substantially indistinguishable from, the Fingerlings Marks on or in connection with the manufacturing, import, export, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products.

64.     Defendants have manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, and/or sold their Counterfeit Products to the purchasing public in direct competition with WowWee, in or affecting interstate commerce, and/or have acted with reckless disregard of WowWee's rights in and to the Fingerlings Marks through their participation in such activities.

65.     Defendants have applied their reproductions, counterfeits, copies, and colorable imitations of the Fingerlings Marks to packaging, point-of-purchase materials, promotions, and/or advertisements intended to be used in commerce upon, or in connection with, the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of Defendants' Counterfeit Products, which is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of the Counterfeit Products, and is likely to deceive consumers, the public and the trade into believing that the Counterfeit Products sold by Defendants originate from, are associated with, or are otherwise authorized by WowWee, thereby making substantial profits and gains to which they are not entitled in law or equity.

66.    Defendants' unauthorized use of the Fingerlings Marks on or in connection with the Counterfeit Products was done with notice and full knowledge that such use was not authorized or licensed by WowWee, and with deliberate intent to unfairly benefit from the incalculable goodwill inherent in the Fingerlings Marks.

67.    Defendants' actions constitute willful counterfeiting of the Fingerlings Marks in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

68.    As a direct and proximate result of Defendants' illegal actions alleged herein, Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiffs, their business, their reputations and their valuable rights in and to the Fingerlings Marks and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which WowWee has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss, and damage to WowWee and their valuable Fingerlings Marks.

69.    Based on Defendants' actions as alleged herein, WowWee is entitled to injunctive relief, damages for the irreparable harm that WowWee has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions, as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble damages, and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION
#### (False Designation of Origin, Passing Off & Unfair Competition)
#### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

70.    WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

71.    WowWee, as the owner of all right, title, and interest in and to the Fingerlings Marks, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

72.    The Fingerlings Marks are inherently distinctive and/or have acquired distinctiveness.

73.    Defendants knowingly and willfully used in commerce products and/or packaging designs that are identical or confusingly or substantially similar to, and constitute reproductions of WowWee's Fingerlings Marks and Fingerlings Works, and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of Infringing Products, with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that Defendants' substandard Infringing Products are Fingerlings Products or related products, and/or that Defendants' Infringing Products are authorized, sponsored, approved, endorsed or licensed by Plaintiffs, and/or that Defendants are affiliated, connected or associated with WowWee, thereby creating a likelihood of confusion by consumers as to the source of such Infringing Products, and allowing Defendants to capitalize on the goodwill associated with, and the consumer recognition of, WowWee's Fingerlings Marks and Fingerlings Works, to Defendants' substantial profit in blatant disregard of WowWee's rights.

74.    By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products that are identical to, confusingly similar to, or which constitute colorable imitations of WowWee's Fingerlings Products using marks and/or artwork that is identical and/or confusingly

or substantially similar to, or which constitute colorable imitations of WowWee's Fingerlings Marks and Fingerlings Works, Defendants have traded off the extensive goodwill of WowWee and Plaintiffs' Fingerlings Products and did in fact induce, and intends to, and will continue to induce customers to purchase Defendants' Infringing Products, thereby directly and unfairly competing with WowWee.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of WowWee and Plaintiffs' Fingerlings Marks, which Plaintiffs have amassed through their nationwide marketing, advertising, sales, and consumer recognition.

75.    Defendants knew, or by the exercise of reasonable care should have known, that their adoption and commencement of and continuing use in commerce of marks and/or artwork that are identical or confusingly or substantially similar to and constitute reproductions of WowWee's Fingerlings Marks and Fingerlings Works would cause confusion, mistake, or deception among purchasers, users, and the public.

76.    Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake, and to deceive the purchasing public and with the intent to trade on the goodwill and reputation of WowWee, its Fingerlings Products, Fingerlings Marks, and Fingerlings Works.

77.    As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to WowWee by depriving WowWee of sales of Plaintiffs' Fingerling Products and by depriving Plaintiffs of the value of their Fingerlings Marks and Fingerlings Works as commercial assets in an amount as yet unknown, but to be determined at trial, for which Plaintiffs have no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to WowWee and the

goodwill and reputation associated with the value of the Fingerlings Marks and Fingerlings Works.

78.     Based on Defendants' wrongful conduct, Plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that WowWee has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
### (Federal Copyright Infringement)
### [17 U.S.C. § 501(a)]

79.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

80.     WowWee is the exclusive owner of the Fingerlings Works.

81.     Defendants had actual notice of WowWee's exclusive rights in and to the Fingerlings Works.

82.     Defendants did not attempt and therefore inherently failed to obtain WowWee's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform, and/or market WowWee's Fingerlings Products and/or Fingerlings Works.

83.     Without permission, Defendants knowingly and intentionally reproduced, copied, and displayed WowWee's Fingerlings Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products that bear such Fingerlings Works, or artwork that is, at a minimum, substantially similar to WowWee's Fingerlings Works.

84.    Defendants' unlawful and willful actions as alleged herein constitute infringement of WowWee's Fingerlings Works, including WowWee's exclusive rights to reproduce, distribute, and/or sell such Fingerlings Works in violation of 17 U.S.C. § 501(a).

85.    Defendants' knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to WowWee in an amount as yet unknown but to be proven at trial, for which WowWee has no adequate remedy at law, and unless enjoined, Defendants will continue to cause, substantial and irreparable harm to WowWee.

86.     Based on Defendants' wrongful conduct, WowWee is entitled to injunctive relief, WowWee's actual damages and Defendants' profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### (Violation of Deceptive Acts and Practices Unlawful)
### [N.Y. Gen. Bus. Law § 349]

87.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

88.    Through Defendants' unlawful, unauthorized, and unlicensed use of WowWee's Fingerlings Works and/or Fingerlings Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in Infringing Products that are identical and/or confusingly or substantially similar to WowWee's Fingerlings Products, Defendants have engaged in consumer-oriented conduct that has adversely affected the public interest and has resulted in injury to consumers in New York.

89.    Defendants' aforementioned conduct was and is a willful and deliberate attempt

to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade, or commerce.  Such conduct has deceived and materially misleads, or has a tendency to deceive and materially mislead the consuming public, and has injured and will continue to injure WowWee's business, reputation, and goodwill in violation of N.Y. Gen. Bus. Law § 349.

90.     As a result of Defendants' actions alleged herein, Plaintiffs have suffered and will continue to suffer irreparable harm for which they have no adequate remedy at law.

91.     Pursuant to N.Y. Gen. Bus. Law. § 349(h), WowWee is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements, and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**(False Advertising)**
**[N.Y. Gen. Bus. Law § 350]**

92.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

93.     Without the authorization of WowWee, Defendants have used WowWee's Fingerlings Works and/or Fingerlings Marks and/or marks and/or artwork and/or packaging designs that are identical and/or confusingly or substantially similar to WowWee's Fingerlings Works and/or Fingerlings Marks in connection with the advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products that are identical and/or confusingly or substantially similar to WowWee's Fingerlings Products, thereby causing confusion, mistake, and deceiving consumers and the public as to the source, origin, sponsorship, or quality of Defendants' Infringing Products.

94.     Defendants' aforementioned willful and intentional conduct constitutes false

advertising in the conduct of any business, trade, or commerce and has injured and will continue to injure WowWee's business, reputation, and goodwill in violation of N.Y. Gen. Bus. Law § 350.

95.     As a result of Defendants' actions alleged herein, Plaintiffs have suffered and will continue to suffer irreparable harm for which they have no adequate remedy at law.

96.     Pursuant to N.Y. Gen. Bus. Law. § 350(e), WowWee is entitled to enjoin Defendants' unlawful conduct as well as obtain damages in an amount to be determined at trial, costs, disbursements, and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### (Unfair Competition)
### [New York Common Law]

97.     WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

98.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products, Defendants have traded off the extensive goodwill of WowWee and its Fingerlings Products to induce, and did induce and intends and will continue to induce, customers to purchase its Infringing Products, thereby directly competing with WowWee.  Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation of WowWee, which WowWee has amassed through its nationwide marketing, advertising, sales, and consumer recognition.

99.     Defendants' advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products was and is in violation and derogation of WowWee's rights and is likely to cause confusion and mistake, and to deceive

consumers and the public as to the source, origin, sponsorship, or quality of Defendants' Infringing Products.

100.    Defendants knew, or by the exercise of reasonable care should have known, that their advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products and their continuing advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products would cause confusion and mistake, or deceive purchasers, users, and the public.

101.    Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of WowWee's rights, and for the wrongful purpose of injuring WowWee and its competitive position while benefiting Defendants.

102.    As a direct and proximate result of Defendants' aforementioned wrongful actions, WowWee has been and will continue to be deprived of substantial sales of its Fingerlings Products in an amount as yet unknown but to be determined at trial, for which WowWee has no adequate remedy at law, and WowWee has been and will continue to be deprived of the value of its Fingerlings Works and Fingerlings Marks as commercial assets in an amount as yet unknown but to be determined at trial, for which WowWee has no adequate remedy at law.

103.    As a result of Defendants' actions alleged herein, WowWee is entitled to injunctive relief, an order granting WowWee's damages and Defendants' profits stemming from their infringing activities, and exemplary or punitive damages for Defendants' intentional misconduct.

## EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)
### [New York Common Law]

104.    WowWee repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

105.    By virtue of the egregious and illegal acts of Defendants as described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

106.    Defendants' retention of monies gained through their deceptive business practices, infringement, acts of deceit, and otherwise would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

## PRAYER FOR RELIEF

**WHEREFORE**, WowWee prays for judgment against Defendants, inclusive, and each of them, as follows:

A.    For an award of Defendants' profits and WowWee's damages in an amount to be proven at trial for willful trademark infringement of Plaintiffs' federally registered Fingerlings Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

B.    For an award of Defendants' profits and WowWee's damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a), and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

C.    In the alternative to Defendants' profits and WowWee's actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark

in connection with the sale, offering for sale, or distribution of goods or services, for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, which WowWee may elect prior to the rendering of final judgment;

D.      For an award of Defendants' profits and WowWee's damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

E.      For an award of WowWee's actual damages and Defendants' profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of WowWee's Fingerlings Works under 17 U.S.C. § 501(a);

F.      In the alternative to WowWee's actual damages and Defendants' profits for copyright infringement of WowWee's Fingerlings Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which WowWee may elect prior to the rendering of final judgment;

G.      For an award of damages in an amount to be proven at trial for deceptive acts and practices pursuant to N.Y. Gen. Bus. Law. § 349(h);

H.      For an award of damages to be proven at trial for false advertising pursuant to N.Y. Gen. Bus. Law. § 350(e);

I.      For an award of damages to be proven at trial for common law unfair competition;

J.      For an award of damages in an amount to be proven at trial for unjust enrichment;

K.    For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendants, or their agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendants, and all those in active concert or participation with Defendants, and each of them who receives notice directly or otherwise of such injunction from:

    i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

    ii.   directly or indirectly infringing in any manner any of WowWee's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation WowWee's Fingerlings Marks or Fingerlings Works;

    iii.   using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, WowWee's Fingerlings Marks and Fingerlings Works to identify any goods or services not authorized by WowWee;

    iv.   using any of WowWee's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, WowWee's Fingerlings Works or Fingerlings Marks, or any other marks or artwork that are confusingly or substantially similar WowWee's Fingerlings Works or Fingerlings Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing,

26

promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products;

v.   using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake, and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants with WowWee, and/or as to the origin, sponsorship, or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants and Defendants' commercial activities by WowWee;

vi.   engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Infringing Products;

vii.   engaging in any other actions that constitute unfair competition with WowWee;

viii.   engaging in any other act in derogation of WowWee's rights;

ix.   secreting, destroying, altering, removing, or otherwise dealing with the Infringing Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Infringing Products;

x.  effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

xi.  instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (x) above; and

L.    For an order of the Court requiring that Defendants recall from any distributors and retailers and deliver up to WowWee for destruction any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of WowWee's trademarks, copyrights, or other rights including, without limitation, WowWee's Fingerlings Works or Fingerlings Marks, or bear any marks or artwork that are confusingly or substantially similar to WowWee's Fingerlings Works or Fingerlings Marks;

M.    For an order of the Court requiring that Defendants deliver up for destruction to WowWee any and all Infringing Products and any and all packaging, labels, tags, advertising, and promotional materials and any other materials in the possession, custody or control of Defendants that infringe any of WowWee's trademarks, copyrights, or other rights including, without limitation, WowWee's Fingerlings Works or Fingerlings Marks, or bear any marks or artwork that are confusingly or substantially similar to WowWee's Fingerlings Works or Fingerlings Marks pursuant to 15 U.S.C. § 1118;

N.    For an order from the Court requiring that Defendants provide complete

accountings for any and all monies, profits, gains and advantages derived by Defendants from their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the Infringing Products as described herein, including prejudgment interest;

O.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendants' possession which rightfully belong to WowWee;

P.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

Q.      For WowWee's reasonable attorneys' fees;

R.      For all costs of suit; and

S.      For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

WowWee respectfully demands a trial by jury on all claims.


Dated: November 29, 2017                    Respectfully submitted,

                                            **EPSTEIN DRANGEL LLP**

                                    BY:     *Kerry B. Brownlee*
                                            Kerry B. Brownlee (KB 0823)
                                            kbrownlee@ipcounselors.com
                                            Ashly E. Sands (AS 7715)
                                            asands@ipcounselors.com
                                            Jason M. Drangel (JD 7204)
                                            jdrangel@ipcounselors.com
                                            60 East 42nd Street, Suite 2520
                                            New York, NY 10165
                                            Telephone:      (212) 292-5390
                                            Facsimile:      (212) 292-5391
                                            *Attorneys for Plaintiffs*
                                            *WowWee Group Limited,*

*WowWee Canada, Inc., and*
*WowWee USA, Inc.*